UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


THERESA RITZ, individually and
on behalf of all others similarly situated,

      Plaintiff,

                                      CASE NO.:

v.

                                       DIVISION:

COASTAL TREATMENT CENTER,
CLEARWATER LLC d/b/a THE
WAVE OF CLEARWATER,

      Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THERESA RITZ, by and through undersigned counsel, brings this action against Defendant, COASTAL TREATMENT CENTER, CLEARWATER LLC d/b/a THE WAVE OF CLEARWATER, and in support of her claims states as follows:

1.      Plaintiff, THERESA RITZ, by and through undersigned counsel files this Complaint and sues COASTAL TREATMENT CENTER, CLEARWATER, LLC d/b/a THE WAVE OF CLEARWATER, (hereinafter "Defendant"), on behalf of herself and similarly situated a) plan participants and b) qualified beneficiaries, alleging Defendant failed to transmit premium payments to the insurance for health/dental insurance benefits as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

2.      Defendant, offered a qualified group health plan to its employees as a part of their benefit package ("Plan").  Defendant violated ERISA by failing to discharge fiduciaries

duties with respect to the Plan. As a result of these violations, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

3.      Plaintiff Theresa Ritz also has an individual claim for violations of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

5.      Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the statutory violations at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

6.      Plaintiff THERESA RITZ is a Florida resident and former employee of Defendant who was a covered employee and participant in the Plan when she was denied coverage for dental services and suffered losses as a result.

7.      Defendant is a limited liability company and operates a residential treatment facility in Clearwater, Florida, in Pinellas County.   On information and belief, Plaintiff alleges approximately 50 people were participants of the Plan at the time they were denied coverage for health/dental services.

8.      Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the

2

meaning of 29 U.S.C. § 1167(1).

## GENERAL ALLEGATIONS

9.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Fla. Stat. § 448.101(2).

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Fla. Stat. § 448.101(3).

11.     Plaintiff has satisfied all conditions precedent, or they have been waived.

12.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

14.     Plaintiff began working for Defendant as a Director of Clinical Services/ Program Director in February 2019, and she worked in this capacity until November 2019.

15.     At all times material hereto, Defendant was a healthcare provider within the meaning of The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") 45 C.F.R. Part 164.520 and as such was subject to its provisions.

16.     Throughout her employment, Plaintiff was required to include Chris Fox, Jim Dillon (who was identified to AHCA as not being directly involved in this business), and other non-clinical staff on all correspondence with the insurance intermediaries.

17.     This correspondence contained HIPPA protected health information, and Plaintiff informed David Friedman, Chris Fox, and Tara Giberga that it was a violation of federal law. Plaintiff was informed that this was required so Defendant could insure she was emphasizing the correct diagnosis and treatment to get the maximum insurance funds. If she was not, the WAVE would intervene and seek revision of the medical record to meet higher insurance pay schedules.

18.     Plaintiff made weekly reports of these violations to Tara Giberga her direct supervisor, but nothing was done to change Defendant's practices.

19.     Defendant created a video tape describing the process for increasing levels of care for the purpose of "filling beds". Management revised diagnosis when a patient presented with medical conditions the Defendant was not authorized to treat. This video evidenced a plan of client brokering, which is illegal in Florida, Fl. Stat. 817.505. Plaintiff objected to this illegal practice and policy.

20.     Plaintiff repeatedly advised Defendant that their practices were in violation of law, rule and regulations on a state and federal level. The video itself is evidence of the commitment of the Defendant to this scheme of unlawful activity.

21.     Plaintiff also informed Defendant its conduct constituted a fraudulent insurance practice under the False Claims Act ("FCA") 31 U.S.C. §§ 3729 that she did not want to be involved in.

22.     Plaintiff repeatedly reported these insurance and billing violations to Chris Fox and David Friedman and was told to find reasons for increasing levels of care or alternate diagnosis even when a patient did not require an increased level of care or required care the facility was not authorized to provide in order to increase Defendant's profits.

23.     During the course of her employment with Defendant, Plaintiff reported violations of HIPAA, billing fraud and other unlawful activities to David Friedman, Chris Fox, Tara Giberga, and Kent Runyon.

24.     On November 26, 2019, Plaintiff was informed that she was being terminated.

## CLASS ACTION

### *Named Plaintiff and Putative Class Representative*

25.     Plaintiff Theresa Ritz was denied coverage for dental services on November 5, 2019 and December 27, 2019 and suffered losses. Defendant's failure to transmit premium payments to the insurer which were deducted from Plaintiff's paycheck is the direct cause of the losses suffered by Plaintiff.

26.     Upon information and belief others similarly situated employees were also denied coverage for health/dental services.

### *Plaintiff's Injury: Loss of Insurance Coverage*

24.     Plaintiff suffered a tangible injury in the form of loss of insurance coverage due to Defendant's failure to transmit premium payments to the insurer for health/dental insurance benefits. This easily gives Plaintiff Article III standing.  The loss of insurance to Plaintiff is a tangible loss of a valuable benefit, i.e., insurance coverage.  Besides a paycheck, this is one of the most valuable things employees get in exchange for working for any employer, including the Defendant.  Insurance coverage has a monetary value, the loss of which is a tangible and economic injury clearly giving rise to Article III standing.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were denied coverage for health/dental services during the applicable statute of limitations period.**

26.     No administrative remedies exist as a prerequisite to Plaintiff's claim on behalf of the Putative Class.

5

27.     **Numerosity**:  The Class is so numerous that joinder of all Class members is impracticable.   On information and belief, approximately 50 employees were denied coverage for health/dental services and thus satisfy the definition of the Class.

28.     **Typicality**:  Plaintiff's claims are typical of the Class.  Plaintiff was entitled to be covered for health/dental services for which premiums had been taken out of her paychecks.

29.     **Adequacy**:  Plaintiff will fairly and adequately protect the interests of the Class members, she have no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

30.     **Commonality**:  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.     Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

b.     The appropriate amount of benefits to be awarded pursuant to 29 U.S.C. 1132(a)(1)(B).

c.     The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

d.     Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with Defendant's fiduciary duties.

31.     Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution.  Class

certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

32. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

33. The names and addresses of the Class Members are available from Defendant's records.

## CLAIM I FOR RELIEF

### *Violation of 29 U.S.C. § 1104(a)(1)(D)*

34. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

35. Defendant is the administrator of the Plan, and was subject fiduciary duties as required by ERISA.

36. Plaintiff and other members of the Class experienced loss of insurance coverage for Defendant's failure to transmit premium payments to the insurer as required by the Plan.

37. These violations were material and willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

    a. Designating Plaintiff's counsel as counsel for the Class;

    b. Awarding appropriate equitable relief pursuant to 29 U.S.C. §

1132(a)(3);

c.      Awarding benefits pursuant to 29 U.S.C. 1132(a)(1)(B)

d.      Awarding monetary and equitable relief pursuant to 29 U.S.C. §1109(a).

e.      Awarding attorneys' fees, costs and expenses to Plaintiff'scounsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

f.      Granting such other and further relief, in law or equity, as this Court deems appropriate.

## <u>COUNT II – RETALIATION UNDER THE FPWA</u>

38.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

39.     Plaintiff opposed or refused to participate in Defendant's violation of HIPAA and the FCA by reporting Defendant's violations, thereby engaging in protected activity under the FPWA.

40.     Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating her employment.

41.     Plaintiff was injured by Defendant's violations of the FPWA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Judgment against Defendants for Plaintiff's lost wages, benefits, and other remuneration;

d)      Any other compensatory damages allowable at law;

e)     All costs, attorney's fees, and reasonable expenses incurred in prosecuting

these claims, in accordance with Fla. Stat. §448.104; and

f)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of May, 2020.

Respectfully submitted,

_____
**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**